On June 29, 1979 the court entered the following order:
Before Friedman, Chief Judge, Cowen, Senior Judge, and Nichols, Judge.
The question raised by these cross-motions for partial summary judgment in this federal income tax refund suit is whether in 1970, 1971 and 1972 (the taxable years involved) the taxpayer (which merged with plaintiff in 1974) qualified as a life insurance company under section 801 of the Internal Revenue Code of 1954. Such qualification is necessary to obtain the favorable tax treatment that the Code provides for life insurance companies. See United States v. Consumer Life Ins. Co., 430 U.S. 725, 727-28 (1977). In order to qualify, an insurance company’s life insurance reserves must comprise more than 50 percent of its total reserves (section 801(a)). Section 801(b) defines life insurance reserves as those "required by law.” Section 801(c) defines total reserves to include life insurance reserves and "all other insurance reserves required by law.”
The taxpayer was an Arizona corporation. It entered into a reinsurance agreement with Gulf Atlantic Life Insurance Company ("Gulf Atlantic”), a Texas corporation, under which it automatically reinsured life insurance and accident and health insurance policies that Gulf Atlantic wrote. In their annual statements filed with the insurance commissioners of Arizona and Texas, respectively, taxpayer carried the reserves for the reinsured life insurance policies, and Gulf Atlantic carried the reserves for the reinsured accident and health insurance policies. The effect *724 of this arrangement was to qualify taxpayer as a life insurance company, since its life insurance reserves constituted more than 50 percent of its total reserves.
The government contends that under Arizona law, taxpayer (1) was not "required” to carry the life insurance reserves or, alternatively, (2) was required to carry the accident and health insurance reserves that Gulf Atlantic carried. Under either theory, taxpayer’s life insurance reserves would be less than 50 percent of its total reserves, and taxpayer therefore would not qualify as a life insurance company. The case was fully briefed, and we heard oral argument.
The determination of the proper treatment of these reserves under Arizona law is complex and difficult. The governing statutes are complicated and hardly unambiguous. Ordinarily, the meaning and application of state law are not a proper subject for expert evidence. In Consumer Life Ins. Co. v. United States, 207 Ct. Cl. 638, 524 F. 2d 1167 (1975), aff’d sub nom. United States v. Consumer Life Ins. Co., 430 U.S. 725 (1977), however, both sides introduced expert testimony on the application of state law (Arizona and Georgia) to similar questions regarding which party to a reinsurance contract was required to maintain the reserves for accident and health insurance policies. See 207 Ct. Cl. at 649, 656, 524 F. 2d at 1173, 1178. In affirming, the Supreme Court did not disapprove the practice. See 430 U.S. at 751 n. 36.
Each party has filed lengthy and detailed affidavits and responding affidavits by experts expressing their views on the proper company to carry the reserves under Arizona law. Not surprisingly, these affidavits sharply conflict. In addition, affiants often criticized the contrary views stated in the other party’s affidavits. The parties also raise other issues concerning the affiants. For example, the government asserts that the plaintiffs position in this case is inconsistent with the testimony one of its affiants here gave in the Consumer Life case, supra.
We do not think we should attempt to decide these difficult questions on the basis of such a trial by affidavit. The evaluation of the conflicting views of these experts and the weight to which they are entitled can best be made after a trial. There the soundness of the experts’ conclu *725 sions, the reasons for the disagreements among them, and possible inconsistencies in their position can be probed through thorough cross-examination. In view of the complexities of the issues and the sharp conflicts among the experts, this case is not suitable for disposition on summary judgment.
The motions for summary judgment are denied, and the case is remanded to the Trial Division for further proceedings consistent with this order.[1]

 In view of our disposition of the case, we need not decide the parties’ motions for leave to file supplemental memoranda.